IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR MOSES,

                *Plaintiff,*

    v.

CHATHAM UNIVERSITY,

                *Defendant.*

Civil Action No. 2:25-cv-92

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

    *Pro se* Plaintiff Arthur Moses ("Moses") brought this civil rights suit in January 2025 against Defendant Chatham University ("Chatham") where he was a graduate student in the fall of 2022. (ECF No. 5). Chatham filed a motion to dismiss. Moses did not adhere to the Court's briefing schedule on the motion or the subsequent show cause order. (ECF Nos. 13 and 15). Instead, he filed his own Motion to Show Cause (ECF No. 19), which the Court will construe as his response to Chatham's motion. For the following reasons, Chatham's motion will be granted.

### I.    STANDARD OF REVIEW

#### A. Pro se Pleadings

    Complaints brought *pro se* are afforded more leeway than those drafted by attorneys. In determining whether to dismiss a complaint brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 585 U.S. 957, 960 (2018). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

citations omitted). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Therefore, in keeping with its duty to "construe *pro se* complaints liberally ... [the Court] will consider" additional facts included in Moses' filings that came after the complaint to the extent they are consistent with the allegations in the amended complaint. *Bush v. City of Philadelphia*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005).

### B. Rule 12 motions

#### i. Rule 12(b)(1)

Under Federal Rule of Civil Procedure Rule 12(b)(1), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. If a case, as presented by a plaintiff, does not meet the requirements of subject matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the case. A plaintiff bears the burden of persuasion that federal jurisdiction is present. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

The defendant can challenge whether a plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). In a facial challenge, a court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If a court cannot conclude, based on the face of the complaint, that jurisdictional requirements are met, then it must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)...."

2

*Constitution Party of PA v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, "'[t]hreadbare recitals of the elements of [jurisdiction], supported by mere conclusory statements, do not suffice.'" *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (quoting *Iqbal*, 556 U.S. at 678).

In a factual challenge, however, a plaintiff's factual allegations are not presumed to be true, and a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268. A factual challenge may only be raised after an answer has been filed. *Long v. SEPTA*, 903 F.3d 312, 320 (3d Cir. 2018).

Thus, any motion to dismiss for lack of subject matter jurisdiction filed prior to an answer is, by default, a facial challenge. *Id.* That is the case with Chatham's challenge here.

### ii. Rule 12(b)(6)

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at

678 (*citing Twombly*, 550 U.S. at 556).  In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact.  *Twombly*, 550 U.S. at 555.  Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief.  *Id.* at 682.  The complaint must support the inference with facts to plausibly justify that inferential leap.  *Id.*

## II.    ANALYSIS

Federal courts are courts of limited jurisdiction.  *See, e.g., Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  For the following reasons, the Court will dismiss Moses' complaint pursuant to 12(b)(1) as it lacks subject matter jurisdiction.

Moses failed to articulate his basis for jurisdiction.  (ECF No. 5, pp. 2-3).  The Court holds that diversity jurisdiction does not exist.  It is defined by statute in relevant part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; ….

28 U.S.C. § 1332(a)(2).  Moses seemingly contends the amount in controversy is $75,000 or more.  He alleges that "the defense took over ten thousand dollars in student federal funds" (ECF No. 19, p. 1), that a "Doctorate Education is 100,000," and that he is seeking "legal fees … [and] 1,000,000 in damages." (ECF No. 5, p. 4). Because both Moses and Defendant are citizens of

Pennsylvania, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have not been met.

Second, federal question jurisdiction does not exist. Federal question jurisdiction exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action only arises "under the laws of the United States" if "the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 F. App'x 768, 770 (3d Cir. 2008) (quoting *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

Here, Moses takes issue with never receiving final grades for his midterm and final work, and generally alleges that he was "embarrassed, harassed, humiliated & subjected to academic abuse." (ECF No 5, p. 4). He also mentions that he was charged with harassment by the Chatham police, but the charge was later withdrawn. (*Id.*). Moses has failed to allege what federal question exists. He asserts no violations of federal rights or statutes. Without more, his allegations do not confer jurisdiction upon the Court.[1]

---

[1] A plaintiff may proceed in federal court in a civil rights action under 42 U.S.C. § 1983 if he alleges a deprivation of his constitutional rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Jurisdiction would exist under 28 U.S.C. § 1331, the general federal question statute, and under 28 U.S.C. § 1343(3), the jurisdictional counterpart to 42 U.S.C. § 1983. Moses' complaint did not allege any violation of his constitutional rights and none can be found when construing his complaint liberally. Moreover, Chatham's motion to dismiss put Moses on notice of the jurisdictional defect, and he did not cure it in a response in opposition to the motion.

Moses' complaint will be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. As it is clear that the Court does not have subject matter jurisdiction, any amendment is deemed futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024) ( "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

Chatham's motion under Rule 12(b)(6) is rendered moot because the Court has no jurisdiction in this matter. Nevertheless, the Court would note that Moses fails to state a claim for relief. He provides no specific factual averments. Moses fails to raise any inference of discrimination from his December 21, 2022, dismissal from Chatham's Master of Science in Counseling Psychology program.[2]  (ECF No. 19-1, pp. 14-15). Further, he has set forth no

---

[2] The vehicle by which federal constitutional claims may be brought in federal court is § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." (citation omitted)). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Any § 1983 claims are time-barred because Moses' causes of action accrued no later than December 21, 2022, when he became aware, or should have become aware, that a constitutional violation occurred with his dismissal from his graduate program, and he did not initiate this lawsuit within two years – on or before December 21, 2024. *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."). Instead, he initiated this action on January 21, 2025. Furthermore, Chatham University is a private institution. *See https://www.chatham.edu/about-us/history.html*. (cite to consider information). Thus, it does not appear to be a state actor subject to liability under § 1983. For these reasons, Moses cannot advance any viable claim under § 1983.

viable substantive or procedural due process claims. His legal theory of recovery is unknown, and Chatham is prejudiced in that there is no cause of action and it cannot present a defense.

### III.    CONCLUSION

For the following reasons, Chatham's motion will be granted and all of Moses' claims will be dismissed with prejudice. Moses' motion will be denied. Orders of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

7/7/25

Dated